WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| D. Douglas Gandy, D.O.,<br><br>              Plaintiff,<br>       vs.<br><br>Lynne Shaklan-Brown, et al.,<br><br>              Defendants. | No. CV-06-3072-PHX-PGR<br><br>ORDER |

Pending before the Court is Defendant Lynne Shaklan-Brown's Motion to Amend Answer, and to Add Counterclaim and Third-Party Complaint (doc. #49), to which co-defendant Robert K. Brown has filed a joinder (doc. #84). The plaintiff has filed a relatively cursory response in which he objects to the motion solely on the grounds that the proposed amendments are in effect untimely and will result in the need for pretrial scheduling deadlines to be extended.[1] Having considered the parties' memoranda in light of the record, the Court finds that the motion should be granted in part and denied in part.

---

[1] At the time the motion to amend was filed, the deadlines for completing discovery and for filing dispositive motions had not yet passed. Both deadlines have now passed and all three parties have a motion for summary judgment pending.

A. Affirmative Defenses

Shaklan-Brown, acting through substituted counsel, seeks in part to amend her answer pursuant to Fed.R.Civ.P. 15(a) in order to specify various affirmative defenses. Her answer (doc. #17), filed by her original counsel, merely stated that she was incorporating those affirmative defenses set forth in Fed.R.Civ.P. 12(b) and that she would be amending her answer to designate specific affirmative defenses after her counsel received and reviewed the documents referenced in the complaint. She now proposes to add affirmative defenses of failure of consideration, unclean hands, illusory contract, misrepresentation, breach of the covenant of good faith and fair dealing, non-performance, wrongful repossession, and failure to state a claim upon which relief may be granted.

As Shaklan-Brown correctly points out, the liberal amendment standard of Fed.R.Civ.P. Rule 15(a), rather than the "good cause" standard of Fed.R.Civ.16 as suggested by the plaintiff, governs the proposed amendment inasmuch as the Scheduling Order (doc. #43) did not set forth a deadline for amending pleadings or adding parties.[2] Since Shaklan-Brown's request to amend her answer was

---

[2] In light of Shaklan-Brown's repeated references to the fact that the Scheduling Order did not contain a deadline for her to amend her answer, the Court wishes to make very clear that it did not set forth any Rule 15(a)-related deadline in the Scheduling Order, as it normally does in its scheduling orders, solely in reliance on the parties' statement in their Joint Case Management Report (doc. #21), which was signed on Shaklan-Brown's behalf by her original counsel, that "[t]he parties do not intend to file any motions pursuant to Rule 12(b), Fed.R.Civ.P., motions to amend pleadings and motions to join additional parties[,]" and the parties' consequential decision not to propose any such deadlines. While Shaklan-Brown, through her current counsel, entered into a stipulation (doc. #41) with the plaintiff prior to the Scheduling Conference to revise certain of the dates proposed in the Joint Case Management Report, the parties again failed to reference any desire to amend pleadings or add parties and no proposed Rule 15(a)-related deadline was then requested.

not unduly delayed given that it was made less than three months after the Scheduling Conference was held and since the plaintiff has not established that he would be unduly prejudiced by the addition of specific affirmative defenses, the Court will permit Shaklan-Brown to amend her answer.

B. Counterclaim

Shaklan-Brown seeks to add a counterclaim for conversion based on her allegation that the plaintiff's agents removed equipment from her office that was not part of her contract with the plaintiff.  Since the plaintiff has not established any undue delay in seeking the amendment or undue prejudice to him stemming from the addition of the conversion claim, and apparently cannot since he was previously made aware of the conversion allegation through the prior disclosure of preliminary report of Kenneth Goodman, Shaklan-Brown's expert, and since the Court believes that the addition of the conversion counterclaim is in the interest of justice, the Court will permit the counterclaim to be filed pursuant to Fed.R.Civ.P. 13(f).

Any current need by a party to reopen discovery related to the added affirmative defenses or counterclaim can be brought to the Court's attention after the resolution of the pending motions for summary judgment.

C.  Third-Party Complaint

Shaklan-Brown further seeks to add a third-party complaint against Med-Surge Advances, Inc. and its employee, Paul Hershman, and his wife.  The gist of the proposed third-party complaint is that Med-Surge and Hershman made numerous misrepresentations to Shaklan-Brown and failed to disclose numerous material facts to her while seeking to have her enter into the sublease with the

plaintiff.[3]

Although it is never once mentioned, much less discussed, by Shaklan-Brown, Fed.R.Civ.P. 14(a) governs the propriety of the filing of the proposed third-party complaint. It is well established that a third-party claim can be maintained pursuant to Rule 14(a) only where a third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim and is secondary or derivative thereto. Stewart v. American International Oil & Gas Co., 845 F.2d 196, 199 (9th Cir. 1988). Since the crucial characteristic of a Rule 14(a) claim is that the third-party plaintiff is attempting to transfer to the third-party defendant the liability asserted against her by the original plaintiff, *id.* at 200, a proper third-party claim is typically one that involves one joint tortfeasor impleading another, an indemnitee impleading an indemnitor, or a secondarily liable party impleading one who is primarily liable. Rule 14(a) does not permit a third-party complaint to be founded on a defendant's independent cause of action against a third-party defendant even if it arises out of the same transaction or same set of facts underlying the plaintiff's claim. *Id*.

The Court, in the exercise of its sound discretion, declines to allow Shaklan-Brown to file the proposed third-party complaint. First, while Shaklan-Brown's claims against Med-Surge and Hershman are obviously transactionally related to the plaintiff's claims against her, she has not met her burden of establishing that her third-party misrepresentation and fraud claims are in fact wholly dependent upon the outcome of the main claims, *i.e.* that Med-Surge and

---

[3] Conceding that the addition of the third-party complaint will necessarily delay the resolution of the original action, Shaklan-Brown states in her reply that she is willing to withdraw the third-party complaint from the proposed amendments if the Court deems it appropriate for her to do so.

- 4 -

Hershman would be liable for indemnification, subrogation, contribution, or under any other theory that would make them secondarily or derivatively liable to her in the event she is held liable to the plaintiff.   Second, the addition of the third-party claims would obviously disadvantage the existing action, which is now in the procedural posture of awaiting resolution of cross-motions for summary judgment. *See* Southwest Administrators,Inc. v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir.1986), *cert. denied*, 479 U.S. 1065 (1987) ("The decision whether to implead a third-party defendant is addressed to the sound discretion of the trial court. ... It is not an abuse of discretion to deny an application for impleader where it will disadvantage the existing action.")   Therefore,

IT IS ORDERED that Defendant Lynne Shaklan-Brown's Motion to Amend Answer, and to Add Counterclaim and Third-Party Complaint (doc. #49) is granted to the extent that it seeks permission to file an amended answer with specified affirmative defenses and a counterclaim for conversion, and it is denied to the extent that it seeks permission to file a third-party complaint.

IT IS FURTHER ORDERED that defendant Lynne Shaklan-Brown shall file her amended answer and counterclaim no later than **October 10, 2008**.[4]

DATED this 30th day of September, 2008.

Paul G. Rosenblatt
United States District Judge

---

[4] The form of the amended answer and counterclaim shall be that set forth in the lodged proposed document (doc. #50), minus the proposed third-party complaint.